IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | CRIMINAL NO.: 5:18-cr-00026-4 |
| ) | |
| MICHAEL T. MORAN,  ) | |
| ) | |
| Defendant.  ) | |

**O R D E R**

On this day came the parties all for a hearing on the Defendant's ***Motion to Modify Condition of Pre-Trial Bond***. (ECF No. 542) Appearing were Assistant United States Attorney Monica Coleman on behalf of the United States, on behalf of the Defendant, John Tinney, Jr., Esq., the Defendant, in person, and United States Probation Officer Brett Taylor.

The issue presented herein concerns an employment offer that the Defendant has received from Schneider Regional Medical Center in St. Thomas, Virgin Islands which entails a two-week shift at the medical center followed by two weeks off, during which the Defendant would return to his residence in Covington, Virginia. Although the Defendant would not be leaving United States territory, the United States objected to the ***Motion***, because St. Thomas, Virgin Islands does not participate in the Prescription Data Monitoring Program, therefore, there is no oversight regarding the bond limitation concerning any prescriptions the Defendant may write.[1]

Before the Court fully consider whether there are conditions or sets of conditions that will

---

[1] The undersigned previously modified a condition of the Defendant's bond on April 9, 2018 to allow him to prescribe Schedule III, IV and V controlled substances to provide for greater ability to continue or maintain employment. (ECF No. 234)

reasonably assure the appearance of the Defendant at trial and the safety of others and the community, the Court would require that the Defendant provide written proof, via affidavit or otherwise, that the Chief of Staff of Schneider Regional Medical Center and the Chief of Emergency Medicine of Schneider Regional Medical Center are clearly made aware of the bond restriction regarding the inability of the Defendant to prescribe Schedule I or II Controlled Substances as defined by 21 U.S.C. § 812. (ECF No. 234 at p. 5) Given that the charges contained in the Indictment concerned serious offenses involving prescriptions for Schedule II controlled substances and that the Defendant remains on bond that explicitly prohibits him from prescribing Schedule II (and Schedule I) controlled substances, the Court hereby **DENIES** the Defendant's *Motion* (ECF No. 542) at this time, but will reconsider the Defendant's *Motion* should the Defendant provide this Court with written proof, via affidavit or otherwise, that the Chief of Staff of Schneider Regional Medical Center and the Chief of Emergency Medicine of Schneider Regional Medical Center are aware of the bond restriction regarding the inability of the Defendant to prescribed Schedule I or II Controlled Substances as defined by 21 U.S.C. § 812 (see ECF No. 234 at p. 5) and that they will ensure that the Defendant's prescribing practices will be monitored where he will be precluded from prescribing any Schedule I or II controlled substances during his employment.

The Clerk is requested to send a copy of this Order to Defendant, Counsel for the Defendant, the Assistant U.S. Attorney, and to the U.S. Probation Department.

**ENTERED**: May 28, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge